UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE BROWN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06-CV-169 RWS |
| ) | |
| MIKE WILLIAMS, CURT CASTEEL, ) | |
| DAVID LONG, CHARLES DOERGE ) | |
| and BOB SIMMONS, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of George Brown, Jr., (register #486704404) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $35.83, and an average monthly account balance of $26.54. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $7.17, which is 20 percent of applicant's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## The complaint

Plaintiff, a federal pretrial detainee at the Pemiscot County Jail at all times relevant to the complaint, seeks monetary and injunctive relief in this action brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971), and 42 U.S.C. § 1983. Named as defendants in the complaint are Mike Williams (Supervisory Deputy Marshal), Curt Casteel (Deputy U. S. Marshal), David Long (Deputy U. S. Marshal), Charles Doerge (Deputy U. S. Marshal), and Bob Simmons (Jail Administrator, Pemiscot County Jail).

Plaintiff alleges that, on January 19, 2006, he was taken into the custody of the United States Marshals Service and housed at Pemiscot County Jail. Plaintiff states that he suffers from low back pain, high blood pressure and h-pylori, and takes medication for each of these conditions. Plaintiff further states that an esophagogastroduodenoscopy (EGD) had been prescribed because he was spitting up blood. Plaintiff alleges that he told defendants Williams and Simmons about the diagnosis and prescribed procedure. Plaintiff also alleges that the court admonished defendant David Long during a detention hearing as to the need for an EGD, and defendant Long advised the court that the matter would be looked into. Plaintiff states that defendant Long notified defendants Williams and Casteel of the court's admonition. Plaintiff states that he also spoke directly to defendants Casteel and Charles Doerge regarding his medical needs. Plaintiff alleges that his medical condition worsened, and he complained to staff that he had, *inter alia*, chills, fever, headaches, chest pain and numbness in his hands and feet. Plaintiff asserts that defendants did nothing to provide medical care for his conditions.

**Discussion**

Pretrial detainees are protected against failure to provide care for medical needs under the Due Process Clause of the Fifth and Fourteenth Amendments, rather than under the Eighth Amendment, which is applied to convicted prisoners. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861 (1979). The Eighth Circuit has consistently applied to pretrial detainees the same "deliberate indifference to serious medical needs" standard that is applied to convicted inmates. *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006) (citations omitted). "Under this standard, an official is deliberately indifferent (reckless) if he disregards a known risk to a prisoner's health." *Id*. (quoting *Gregoire v. Class*, 236 F.3d 413 (8th Cir. 2000) (citing *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)).

Plaintiff's allegations of deliberate indifference to serious medical needs against defendants Williams, Casteel, Long, Doerge, and Simmons survive review under § 1915(e)(2)(B) and should not be dismissed at this time. *See* 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendants Williams, Casteel, Long, Doerge and Simmons respond to the amended complaint.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] be **GRANTED.** *See* 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $7.17 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2)

his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, then the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process upon the amended complaint as to defendants Mike Williams, Curt Casteel, David Long, Charles Doerge and Bob Simmons.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Mike Williams, Curt Casteel, David Long, Charles Doerge, and Bob Simmons shall respond to the amended complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Dated this 19th day of December, 2006.

_____
**UNITED STATES DISTRICT JUDGE**