UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GEORGE BROWN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06CV169 RWS |
| | ) | |
| MIKE WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on defendants' motion to dismiss the case for plaintiff's failure to comply with my December 19, 2006 Order. In that Order, I granted plaintiff's motion to proceed in forma pauperis and assessed an initial partial filing fee of $7.17, which was to be paid within thirty (30) days of the date of the Order. Defendants ask that I dismiss the case with prejudice because plaintiff has not paid the initial filing fee. I will deny the motion because plaintiff responded within the 30-day period that he is unable to pay the initial partial filing fee and requested a waiver. In support of his motion, plaintiff has provided a certified inmate account statement demonstrating that he has no funds in his prison inmate account available to pay the fee. For this reason, I will waive the initial partial filing fee and deny defendants' motion to dismiss this case for plaintiff's failure to pay it. See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be

prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

Alternatively, defendants ask that plaintiff should be required to pay the full filing fee, which essentially is a motion to reconsider this Court's orders granting plaintiff George Brown leave to commence this action IFP. Brown, a prisoner, has filed frivolous lawsuits while incarcerated and has, therefore, incurred "strikes" under 28 U.S.C. § 1915(g). Williams argues that Brown has incurred more than three strikes and, as a result, the Court should revoke Brown's IFP status and order him to pay the statutory filing fee. After reviewing its files, the Court finds that Brown has incurred two strikes under § 1915(g), and the Court will deny Williams's motion.

Twenty-eight U.S.C. § 1915(g) is known as the Prisoner Litigation Reform Act's "three-strikes" provision. Under § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed *on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted*, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).

Williams argues that Brown has incurred strikes in four instances: the pre-service dismissal of <u>Brown v. Schneider</u>, 4:00CV1821 LOD (E.D. Mo. 2001), pursuant to 28 U.S.C. § 1915(e)(2)(B); the pre-service dismissal of <u>Brown v. Copeland</u>, 1:02CV41 LMB (E.D. Mo. 2002), pursuant to 28 U.S.C. § 1915(e)(2)(B); the dismissal of Brown's appeal in <u>Brown v. Copeland</u>, Slip Op. 02-2899 (8th Cir. 2002), for failure to prosecute; and the dismissal of <u>Brown v. Williams</u>, 1:06CV58 RWS (E.D. Mo. 2006), for failure to pay the initial filing fee as ordered by the Court.

Williams is correct that the dismissals in <u>Brown v. Schneider</u>, 4:00CV1821 LOD (E.D. Mo. 2001), and <u>Brown v. Copeland</u>, 1:02CV41 LMB (E.D. Mo. 2002), are strikes for the purposes of § 1915(g). However, the dismissals in <u>Brown v. Copeland</u>, Slip Op. 02-2899 (8th Cir. 2002), and <u>Brown v. Williams</u>, 1:06CV58 RWS (E.D. Mo. 2006), are not strikes under § 1915(g) because those cases were not dismissed "on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted . . ." 28 U.S.C. § 1915(g). The latter dismissals were for failure to prosecute and for failure to follow the Court's orders, respectively. Such dismissals do not fall under the language in § 1915(g) and, therefore, do not count as strikes under the PLRA. As a consequence, the Court shall deny Williams's motion for reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#16] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for waiver of the initial partial filing fee [#11] is granted.

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of March, 2007.